UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: February 19, 2015

-----------------------------------------------------------------X
              :

DAVID OWENS,              :

          Plaintiff,        :

                 :

        -v-             :         14-cv-966 (KBF)

                 :

CITY OF NEW YORK and JOHN DOE,  :      OPINION & ORDER

          Defendants.    :

                 :
-----------------------------------------------------------------X

KATHERINE B. FORREST, District Judge:

     Pro se plaintiff David Owens filed this action on February 11, 2014, seeking damages under 42 U.S.C. § 1983 for an alleged injury to his tooth that he claims to have sustained while being arrested by officers of the New York City Police Department. (ECF No. 2.) Now before the Court is defendant City of New York's motion to dismiss Owens' Amended Complaint. (ECF No. 35.) The motion became fully briefed on January 14, 2015. (ECF No. 53.) For the reasons set forth below, defendant's motion is GRANTED.

I.    LEGAL STANDARD

     Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must provide grounds upon which their claim rests through "factual allegations sufficient 'to raise a right to relief above the speculative level.'" ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007) (quoting Bell Atl. Corp. v.

Twombly, 550 U.S. 544, 555 (2007)).  In other words, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." Starr v. Sony BMG Music Entm't, 592 F.3d 314, 321 (2d Cir. 2010) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In applying this standard, the Court accepts as true all well-pled factual allegations, but does not credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." Id.  The Court will give "no effect to legal conclusions couched as factual allegations." Port Dock & Stone Corp. v. Oldcastle Ne., Inc., 507 F.3d 117, 121 (2d Cir. 2007) (citing Twomblv, 550 U.S. at 555).  If the Court can infer no more than the mere possibility of misconduct from the factual averments—in other words, if the well-pled allegations of the complaint have not "nudged [Plaintiff's] claims across the line from conceivable to plausible"— dismissal is appropriate. Twombly, 550 U.S. at 570.

Complaints drafted by pro se plaintiffs are construed "liberally" and interpreted "to raise the strongest arguments that they suggest." Pabon v. Wright, 459 F.3d 241, 248 (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)). Nevertheless, to survive a motion to dismiss, a pro se plaintiff must still plead enough facts to state a claim to relief that is plausible on its face. See Hill v. Curcione, 657 F.3d 116, 122 (2d Cir. 2011).

## II.    DISCUSSION

In the Amended Complaint (ECF No. 29 ("Am. Compl.")), Owens alleges[1] the following:  On July 24, 2012, Owens was stopped by New York City Police Department ("NYPD") officers on 145th Street between Lenox Avenue and Broadway in Manhattan.  (Am. Compl. at 3.)  The NYPD officers placed Owens in handcuffs and put him on the ground; his face was forced into the ground, and one of his teeth hit the pavement, damaging it.  (See id.)  The officer who forced his head to the ground was in Housing Bureau Police Service Area 6.  (Id.)  Cameras were in the area, and may have made a video recording of the incident.  (Id.)  Owens did not receive dental care or medical treatment that day, which he surmises was at least partially due to his mental illness.  (Id.)  Five hundred and forty-eight days later, on January 23, 2014, while detained at the Brooklyn Detention Complex, he submitted a request for dental care to the facility's clinic.  (Id.)  Owens seeks $1 million in damages for his injury under 42 U.S.C. § 1983.  (Am. Compl. at 1, 5.)

---

[1] Owens' allegations in the Amended Complaint are framed by the use of hedging phrases such as "I think," "I suppose," "I guess," and "I conjecture."  (See Am. Compl. at 3.)  Defendant argues that the Court should not construe any statements that follow such suppositional phrases as factual allegations.  (See ECF No. 37 at 1.)  The Court disagrees, as it is clear from Owens' submissions that his peculiar phrasing is an outgrowth of his writing style, as Owens makes clear in his opposition brief:

> "In the defendant's motion to dismiss the amended complaint, it was said that words which I used in that complaint to amount to speculation.  I used certain words in the attempt to politely lay the framework of the case.  I propound that any allegation—by its very nature—possibly will necessarily lead to postulation, and to speculation in the natural progression of the allegation . . . .  After all, who is to say what reality—or speculation—is?"

(ECF No. 51 at 2-3.)  At the pleading stage, the Court construes Owens' statements in the Amended Complaint as straightforward factual allegations.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).  Plaintiff alleges only that he was subject to a de minimis use of force, which caused a de minimis injury—specifically, unspecified damage to a single tooth for which he did not seek medical treatment for 548 days.  As a matter of law, these allegations are insufficient to state a claim for constitutionally impermissible excessive force.  See, e.g., Romano v. Howarth, 998 F.2d 101, 105 (2d Cir. 1993) ("[A] de minimis use of force will rarely suffice to state a constitutional claim."); Johnson v. Police Officer #17969, No. 99 Civ. 3964 (NRB), 2000 U.S. Dist. LEXIS 18521, at *12-15 (S.D.N.Y. Dec. 27, 2000) (NYPD officer did not apply constitutionally impermissible excessive force in wrestling plaintiff to ground and restraining him there, bruising his rib cage, harming his face, and causing injury to his left leg); Gonzalez v. Coughlin, No. 92 CIV. 7263 (HB), 1996 WL 496994, at *4-5 (S.D.N.Y. Sept. 3, 1996) (plaintiff who alleged that corrections officers tripped him to the ground, kicked his face and truck his kneecap four times with a baton, causing a "slight injury" to his leg failed to state an excessive force claim).

Owens has also failed to state a claim of municipal liability against the City of New York as a matter of law.  First, Owens has not adequately alleged a constitutional violation, and there is thus no basis for municipal liability.  See City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986).  Second, in order to state a claim

for municipal liability, a plaintiff must plausibly allege at least one of the following: (1) plaintiff's injury occurred as a result of "action pursuant to official municipal policy," Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 691 (1978); (2) an official responsible for establishing policy with respect to the subject matter in question caused the alleged violation of plaintiff's rights, see Pembaur v. City of Cincinnati, 475 U.S. 469, 483-85 (1986); (3) the existence of an unlawful practice by subordinate officials so permanent and well-settled as to constitute "custom or usage," with proof that this practice was so manifest as to imply the acquiescence of officials responsible for policymaking, City of St. Louis v. Praprotnik, 485 U.S. 112, 127-30 (1988) (plurality opinion); or (4) a failure to train or supervise municipal employees that "reflects deliberate indifference to the constitutional rights of [the municipality's] inhabitants," City of Canton v. Harris, 489 U.S. 378, 392 (1989). Owens has not plausibly alleged any such type of violation—indeed, his Amended Complaint is devoid of allegations of any city policy, custom, or practice at all.

Lastly, Owens' vague factual allegations do not sufficiently support his § 1983 claim, and they provide an inadequate basis on which to conclude that his claims survive defendant's Rule 12(b)(6) motion.[2]

## III.    CONCLUSION

Accordingly, for the above reasons, defendant's motion to dismiss is GRANTED.

---

[2] Owens' opposition brief alleges a number of violations of the First, Fifth, Eighth, Ninth, Tenth, and Fourteenth Amendments.  (See ECF No. 51 at 2.)  These claims are not properly before the Court, and in any event they are inadequately supported by plausible factual allegations and are insufficient to state a claim as a matter of law.

5

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and therefore denies <u>in forma pauperis</u> status for the purpose of an appeal.  See <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to close the motion at ECF No. 35 and to terminate this action.

SO ORDERED.

Dated:      New York, New York
            February 19, 2015

_____
KATHERINE B. FORREST
United States District Judge